387 F.Supp. 727 (1975)
TENTH STREET BUILDING CORP. et al., Plaintiffs,
v.
The ADMINISTRATOR OF the GENERAL SERVICES ADMINISTRATION, Defendant.
Civ. A. No. 73-78 Erie.
United States District Court, W. D. Pennsylvania.
January 23, 1975.
William J. Schaaf, Erie, Pa., for plaintiffs.
Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., Douglas P. Hinds, General *728 Services Administration, Washington, D. C., for defendant.

OPINION
WEBER, District Judge.
Plaintiffs were the lessors and the Social Security Administration was the lessee of office space in Erie, Pennsylvania under a lease that expired November 1973. In March 1973, the General Services Administration (GSA) solicited offers for the next five years lease on rental space for the Social Security Office in Erie. After receiving offers, the GSA conducted negotiations with each offeror and then notified each offeror to submit its final offer. Plaintiffs claim that during their negotiations with GSA they were informed that only street level space would be acceptable for the social security office. Plaintiffs submitted a bid for street level space at $5.00 per square foot, but the award went to the low offeror who had offered second floor space at $4.99 per square foot.
Plaintiffs instituted this suit upon learning that their bid had been rejected and the low offeror's bid accepted. Plaintiffs moved for a preliminary injunction to prevent the GSA from extending the contract with the low bidder. Plaintiffs' motion was denied because plaintiffs were unable to demonstrate irreparable harm. We now face Defendant's Motion to Dismiss based on three grounds: (1) that plaintiffs have failed to plead any statute which confers jurisdiction upon this court; (2) that plaintiffs lack standing to bring this suit; and (3) that the decision of the GSA not to accept plaintiffs' bid is a decision committed to agency discretion by law.
Plaintiffs plead jurisdiction under 40 U.S.C. § 471 and 40 U.S.C. § 490(h)(1). These statutes do not confer jurisdiction in this action. Rather, they establish a system of property management and disposal. We do believe, however, that jurisdiction may be available under 28 U.S.C. § 1331(a). If plaintiffs adequately allege the amount in controversy requirement in Section 1331(a) we will allow them to amend their complaint to plead this jurisdictional ground.
We believe that the standing issue is controlled by the decision of the court of appeals in Merriam v. Kunzig, 476 F.2d 1233 (3rd Cir. 1973). In Merriam the plaintiff, as an unsuccessful bidder and as a landlord about to lose a government tenant, alleged he was about to be deprived of a valuable business relationship with the government because of unlawful actions of the GSA. The district court dismissed the complaint on defendant's Motion for Summary Judgment based on a lack of standing but the court of appeals reversed. The court of appeals adopted the test of Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App. D.C. 371, 424 F.2d 859 (1970), and held that a bidder who has suffered sufficient injury in fact may assert not only his own rights but also those of the public. The court held that Merriam's loss of a present and future potentially profitable relationship with the government as well as his loss of the costs incurred in preparing and submitting his proposal demonstrated an injury in fact and rendered Merriam an appropriate party to assert the public interest. The court held that Merriam had such standing regardless of whether he came within the zone of interests protected by the government procurement statutes under which the GSA had acted.
The court in Merriam further held that Merriam, as a bidder, was within the zone of interests protected by the procurement statute, 41 U.S.C. § 253. The court also noted that while it was no longer necessary for a plaintiff to allege the deprivation of a "legal right" to sustain his standing, the "legal right" element may have been supplied by the present advantageous relationship Merriam enjoyed with the government.
*729 We see no material distinctions to be made between the instant case and Merriam. Defendant attempts to distinguish between negotiated and advertised bids on contracts, but we note that the court in Merriam gave no indication that such a consideration was material. In construing 41 U.S.C. §§ 251-260 the court noted that "[i]t sets forth procurement procedures both for contracts made after advertising for bids and for negotiated contracts." 476 F.2d at 1242. Plaintiffs herein have, like Merriam, alleged loss of both a present and future potentially profitable relationship with the government plus a loss of costs incurred in preparing and submitting bids and thereby demonstrated their legal right.
It is true that plaintiffs in the instant action have not recited in their complaint the express allegation of "unlawful" conduct by defendant as did the complaint in Merriam. A fair reading of the complaint herein does reveal, however, a claim that the GSA did not follow all of the award considerations mandated by the procurement statute, but instead committed an "abject abuse of discretion." We find no absolute requirement in Merriam for an allegation of "unlawful" conduct, but, assuming such a requirement exists, we find the complaint sufficient, if not explicit.
"(A) party has standing to challenge the government's award of a contract, even in the absence of specific `person aggrieved' language in the statute under which the contract is let, if a three-part test is satisfied. First, the party must allege that the challenged action has caused him injury in fact, in order to satisfy the Article III requirement that he possess `the personal stake and interest that impart the concrete adverseness' necessary to the existence of a case or controversy. The plaintiff must further allege that the agency has acted arbitrarily, capriciously, or in excess of its statutory authority, so as to injure an interest that `is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.' Finally, there must be no `clear and convincing' indication of a legislative intent to withhold judicial review." (citations deleted). Ballerina Pen Company v. Kunzig, 140 U.S.App.D.C. 98, 433 F.2d 1204, at p. 1207 (1970).
Defendant's last contention, that the decision of the GSA not to accept plaintiffs' bid is a decision committed by law to agency discretion, may be said to involve "reviewability" rather than "standing". See Ballerina Pen Company v. Kunzig, cite supra, at p. 1207, fn. 6. We find that for our purposes at this stage of the within proceedings it suffices to observe that Merriam and Scanwell both demonstrate that there is no clear and convincing indication of a legislative intent to withhold judicial review. We do not now decide what standards of judicial review of the exercise of executive discretion in government contracting decisions are here applicable. See Merriam, cite supra, 476 F.2d at p. 1243.
We conclude that plaintiffs have not failed to allege any material element necessary for standing in this action.